UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICK GARVEY, | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-cv-02059-WTL-DML |
| WENDY KNIGHT, | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Patrick Garvey for a writ of habeas corpus challenges a prison disciplinary proceeding identified as CIC 17-08-0157. For the reasons explained in this Entry, Mr. Garvey's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 Fed. Appx. 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011) (same for federal inmates).

### B. The Disciplinary Proceeding

On August 11, 2017, Investigator J. Poer issued a Report of Conduct ("Conduct Report") charging Mr. Garvey with a violation of Codes A111 and A113. Dkt. 10-1. The Conduct Report states:

> On 7/29/16 Central Office Investigators contacted me, Inv. J. Poer, concerning a conspiracy to traffic controlled substance Suboxone stirps through the mail into CIF. A Trafficking with an Inmate-Civilian investigation was initiated. Phone calls placed by offender Garvey were monitored. In the calls offender Garvey provides instructions to his family members regarding Suboxone strips that he is having mailed to his brother's address. The package was intercepted by US Postal Inspectors. The package intended for Garvey's brother's address was found to contain 60 Suboxone strips. Garvey was going to have his sister package the Suboxone stirps into a magazine and mail them into the facility. The details supporting this investigation are contained in Confidential Case File 16-CIC-0041. Please review the case file to answer questions regarding this conduct report.

*Id.*

Mr. Garvey was notified of the charge on August 15, 2017, when he received the Conduct Report and the Screening Report. Dkts. 10-1, 10-2. He pleaded not guilty to the charge and requested a lay advocate. Dkt. 10-2. Mr. Garvey asked to call Mike Hughes, another inmate, as a witness. *Id.* Mr. Garvey wanted to ask if he had his family send a magazine to Mr. Hughes and if he had "fat girl" write to Mr. Hughes. *Id.* This request was denied as irrelevant. *Id.* Mr. Garvey also requested transcripts of phone calls and any statements made about him regarding the suboxone and "this case." *Id.*

A hearing was held August 18, 2017. Dkt. 10-3. Mr. Garvey pleaded not guilty and did not provide a statement. *Id.* After considering staff reports and the confidential case file, the hearing officer determined that Mr. Garvey had violated Codes A111 and A113. *Id.* The sanctions imposed included the deprivation of 90 days of earned credit time, a demotion of one credit class, and imposition of a suspended sanction of a loss of 90 days of earned credit time. *Id.*

Mr. Garvey filed an appeal to the facility head, which was denied on September 22, 2017. Dkt. 10-4 at 1-2. He then appealed to the Final Review Authority, who denied his appeal on November 30, 2017. Dkt. 10-4 at 3. After the denial of his appeal to the Final Review Authority, he brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.  Analysis**

Mr. Garvey presents three challenges to his disciplinary proceeding. First, he challenges the denial of his request for testimony from Offender Mike Hughes. Second, he alleges that his due process rights were violated because he was not allowed to see any of the evidence against him, including transcripts of the phone calls. Finally, he alleges that the investigation was untimely under Indiana Department of Correction ("IDOC") policy. Because his first two contentions assert that he was denied evidence, they will be considered together.

1.  <u>Denial of Evidence</u>

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones*, 637 F.3d at 847 (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

The denial of Mr. Garvey's request for testimony from Mr. Hughes did not violate due process because the purported testimony from Mr. Hughes was not material to the offense charged in the Conduct Report. In the Conduct Report, Mr. Garvey was charged with a conspiracy to traffic

suboxone into the correctional facility in July 2016. Dkt. 10-1. This conspiracy involved Mr. Garvey, two of his siblings, Offender Hillman, and Mr. Hillman's girlfriend. Dkt. 14. As stated in the Conduct Report, dkt. 10-1, and as corroborated by the confidential case file, dkt. 14, this conspiracy to send sixty suboxone strips to the correctional facility was unsuccessful because the package containing the suboxone strips was intercepted before it was received by Mr. Garvey's sibling. This incident did not involve Mr. Hughes.[1] Consequently, Mr. Hughes' purported testimony that Mr. Garvey did not send him suboxone strips is not material. It does not create a "reasonable probability" of a different result concerning whether Mr. Garvey conspired with his siblings, Mr. Hillman, and Mr. Hillman's girlfriend to traffic suboxone in July 2016. *Toliver*, 539 F.3d at 780-81.

Mr. Garvey's second assertion—that he was denied due process because he did not see any of the evidence against him—similarly fails. The Court has reviewed the confidential case file, which includes transcripts of the telephone calls. Dkt. 14. The case file contains details of Mr. Garvey's conversations with his siblings regarding delivery of the package of suboxone, how many strips of suboxone will be in the package, and what should be done with the suboxone once it is received. It also contains information regarding telephone calls between Mr. Hillman and his girlfriend that coincide with the information Mr. Garvey gives to his siblings. None of the information in the confidential case file undermines or contradicts the hearing officer's determination of guilt. Thus, it is not exculpatory, *see Jones*, 637 F.3d at 847, and the denial of

---

[1] The confidential case file also contains information about a second incident where Mr. Garvey conspired with his siblings and a different offender to traffic suboxone strips into the correctional facility. Dkt. 14; *see also* dkt. 10 at 8. This incident occurred in September and October 2016 and was interrupted when prison officials intercepted a magazine containing sixty suboxone strips sent to Mr. Hughes. While testimony from Mr. Hughes may have been material to any disciplinary proceeding arising from that incident, this Conduct Report references only the incident in July 2016.

Mr. Garvey's request for this information did not violate due process. Mr. Garvey is not entitled to habeas relief on the basis that he was improperly denied evidence.

2. Timeliness of Investigation

Mr. Garvey's final contention is that he is entitled to relief because the investigation was not completed without reasonable delay, in violation of IDOC policy. Relief pursuant to § 2254 is available only when a prisoner "is being held in violation of federal law or the United States Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 78 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."). Accordingly, Mr. Garvey is not entitled to habeas relief on this basis.

**D. Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Garvey to the relief he seeks.

Accordingly, Mr. Garvey's petition for a writ of habeas corpus must be **denied** and the action **dismissed**.

IT IS SO ORDERED.

Date: 6/24/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

PATRICK GARVEY
253829
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov